UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

JOHN DEMARCO,

                              Plaintiff,

          -against-

                                                                      **COMPLAINT AND**
THE CITY OF NEW YORK, Correctional Officer          **JURY TRIAL DEMAND**
JOHN and JANE DOE # 1 through 10, in their
individual and official capacities as employees of
the City of New York,

                              Defendants.

--------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil rights action brought by plaintiff JOHN DEMARCO (hereinafter Mr. Demarco or Plaintiff) for damages pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the common law of the State of New York, against the defendants mentioned above in their individual and official capacities, and against the City of New York.

2.      While in custody of the New York City Department of Correction (hereinafter "DOC"), members of DOC failed to protect plaintiff from a violent inmate who viciously assaulted plaintiff causing plaintiff to sustain serious physical injuries. Plaintiff now seeks redress against the City of New York, its agents and employees.

3.      Plaintiff seeks compensatory and punitive damages and an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

4.      At least thirty days have elapsed since the timely service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

5.      This action arises under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983, and

1988. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. § 1331 and § 1367.

## JURY DEMAND

6.      Plaintiff demands a trial by jury in this action.

## VENUE

7.      Under 28 U.S.C.  § 1391 (b) and  (c) , venue  is proper  in the Southern District of New York.

## PARTIES

8.      Plaintiff at all material times relevant hereto resided in the City and State of New York.

9.      That at all times hereinafter mentioned, and upon information and belief, the defendant, the CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The New York City Department of Correction was at all times relevant hereto, an agency of the defendant the CITY OF NEW YORK.

10.      Defendant correctional officers, JOHN and JANE DOE # 1 through 10 at all relevant times herein, either directly participated or failed to intervene to stop the assault upon plaintiff.

11.      At all times mentioned herein, defendants JOHN and JANE DOE # 1 through 10 were acting under color of state and local laws, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

12.     That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as correctional officers employed by the defendant City of New York through its agency, the New York City Department of Corrections and that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as officers and employees of defendant, the City of New York.

## STATEMENT OF FACTS

### Assault Upon Plaintiff

13.     While an inmate at the Manhattan Detention Complex on May 26, 2016, an unruly inmate, known as "Chiraq," threatened and attempted to assault plaintiff in the presence of a female correctional officer JANE DOE #1. "I am gonna fuck you up white boy," stated inmate Chiraq who was at the time irate and completely out of control.

14.     Plaintiff was in fear and communicated his need for protection to defendant JANE DOE #1, stationed in the area at the time.

15.     Defendant JANE DOE #1 failed to adequately control inmate "Chiraq." She failed to remove him from the area in order to ensure plaintiff's safety and well being, allowing him to make good on his threats to "fuck [plaintiff] up."

16.     Moments later, while plaintiff was in line waiting to take a shower, Chiraq threatened plaintiff yet again. Another inmate intervened and stopped the assault. Jane Doe #1 failed to intervene.

17.     Shortly thereafter, plaintiff exited the shower. Unbeknownst to plaintiff, Chiraq followed plaintiff into plaintiff's cell, slamming the cell door shut behind him before attacking plaintiff.

18.     On the way to his cell, plaintiff observed defendant JANE DOE #1 slumped down in her chair with her eyes closed.

19.     Chiraq punched and kicked Plaintiff about the face and body

causing plaintiff tremendous pain. Plaintiff cried out in pain, but no one came to his rescue.

20.    Defendant JANE DOE opened the cell door and allowed the assailant to leave plaintiff's cell, leaving plaintiff inside the cell in distress.

21.    Plaintiff cried out for help, but no one came. Plaintiff lost consciousness.

22.    Plaintiff came to, covered in blood and alone in his cell.  Plaintiff cried out for help. It took some time for a Captain to transfer Plaintiff to intake for medical care.

23.    Thereafter, Plaintiff was taken to the New York Presbyterian Hospital by ambulance where Plaintiff spent several days hospitalized.

24.    Physicians diagnosed plaintiff with several facial fractures among other injuries. Several metal plates had to be surgically implanted into Plaintiff's face in order to reconstruct the same.

25.    Defendant Jane and John Does # 1 through 10 in the area failed to intervene to stop the assault the subsequent bleeding. As a result of the foregoing, Plaintiff was caused to suffer serious physical injury, permanent disfigurement and conscious pain and suffering.

26.    Defendant officers acted sadistically and maliciously, demonstrated deliberate indifference toward plaintiff's rights and physical well being, and said acts are examples of gross misconduct.

27.    All of the above was done in violation of state and federal law.

28.    As a direct and proximate result of the malicious and outrages conduct of defendants set forth above, Plaintiff suffered injuries including but not limited to emotional trauma, harm and distress, mental anguish, serious physical injuries including the permanent disfigurement.

29.    The conduct of the defendant City in assaulting Plaintiff and failing to protect Plaintiff from an assault by a violent inmate and denying Plaintiff's requests for protective custody and medical attention directly and proximately caused Plaintiff to sustain serious physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

30.     At no time did plaintiff assault or attempt to assault any officer or inmate, nor did he present a threat or perceived threat to the personal safety of any officer, inmate or to the security of the jail.

31.     Defendant officers demonstrated deliberate indifference toward plaintiff's rights and physical well-being when they failed to intervene in order to protect Plaintiff by stopping the vicious assault.

32.     The defendant correctional officers acted with reckless and wonton disregard for the rights, health, and safety of the Plaintiff.

33.     As a direct and proximate result of the conduct of defendants set forth above, Plaintiff suffered serious physical injuries including but not limited to fractured facial bones, emotional trauma, harm and distress, mental anguish.

34.     All of the events complained of above have left permanent physical and emotional scars that the Plaintiff will carry with him for the remainder of his life.

## COUNT ONE

### 42 U.S.C. § 1983- Violation of Fourteenth Amendment;
### Due Process Violations
### Against All Defendants

35.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36.     Defendants, by their conduct toward plaintiff alleged herein, failed, with deliberate indifference, to (a) establish procedures necessary to provide necessary and proper medical care to inmates at the Manhattan House of Detention, and (b) provide necessary and proper medical care to plaintiff, thereby causing the violation to his rights under the Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983.

37.    As a direct and proximate result of defendants' actions, omissions, policies, practices and customs, all committed or adopted with deliberate indifference, Plaintiff was denied necessary treatment for his serious and life threatening condition, thus causing a deterioration of his condition, all in violation of his right to be free from cruel and unusual punishment and to due process of law.

38.    As a result of the actions and omissions of the defendants, Plaintiff suffered extreme physical and emotional pain and suffering.

## COUNT TWO
## Failure To Intervene
## AGAINST ALL INDIVIDUAL DEFENDANTS

39.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40.    The defendants were present but failed to intervene in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

41.    Accordingly, the defendants who failed to intervene violated Plaintiff's Fourth, Fifth, and Fourteenth Amendments.

42.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## COUNT THREE
### Respondeat Superior Liability
### Against the City of New York

43.     Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

44.     The aforementioned conduct of the defendants occurred while they were on duty and was within the scope of their authority as officers.

45.     Thus, Defendant City of New York is liable to Plaintiff for his damages under the doctrine of *respondeat superior*.


## COUNT FOUR
### Negligence Against City of New York,
### ALL INDIVIDUAL DEFENDANTS

46.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

47.     Defendants owed plaintiff a duty of care to prevent him from being attacked.

48.     Defendants breached that duty of care.

49.     Defendants' breach of duty was the but-for cause of plaintiff's injury.

50.     Defendants' breach of duty was the proximate cause of plaintiff's injury.

51.     Plaintiff sustained damages, including but not limited to serious physical injuries, emotional injuries and pain and suffering as a result.

## COUNT FIVE
### Deliberate Indifference to Plaintiff's Safety
### Against City of New York,
### ALL INDIVIDUAL DEFENDANTS

52.    Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

53.    Defendants were aware that plaintiff expressed concern for his physical safety.

54.    Defendants were aware that there were real threats to plaintiff's safety.

55.    Defendants ignored plaintiff's pleas for help.

56.    As a result of defendants' failure, plaintiff was severely attacked by an inmate.

57.    As a result of the attack, plaintiff was severely injured.

## COUNT SIX
### Intentional Infliction of Emotional Distress
### Against City of New York

58.    Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

59.    By allowing plaintiff to be attacked and almost killed by another inmate and by denying plaintiff timely medical treatment, defendants acted deliberately in committing conduct that was so extreme and outrageous.

60.    Defendants were aware that their conduct would lead to plaintiff being injured in such a manner, but took no steps to act or change their behavior.

61.    As a direct result of defendants' conduct, plaintiff was injured and sustained damages, including but not limited to physical pain and suffering and severe emotional distress.

## COUNT SEVEN
### Negligent Infliction of Emotional Distress
### Against City of New York

62.    Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

63.    By allowing plaintiff to be attacked and almost killed by another inmate, defendants acted negligently in endangering plaintiff's safety and physical health.

64.    Defendants' conduct was extreme and outrageous.

65.    Defendants should have been aware that their conduct would lead to plaintiff being injured in such a manner and took no steps to act or change their behavior.

66.    As a direct result of defendants' conduct plaintiff was injured and sustained damages, including but not limited to physical pain and suffering and severe emotional distress.

## COUNT EIGHT
### *Monell*
### Against City of New York

67.    Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

68.    Defendant City, through the DOC and officers to whom policymaking authority was delegated, and acting under the pretense and color of law, permitted, tolerated and was deliberately indifferent to a pattern and practice of DOC staff tolerating and permitting inmate on inmate violence.

69.    This widespread tolerance of correction officers standing by, sleeping, or being away from their assigned posts when inmate on inmate violence occurred constituted a municipal policy, practice, or custom and directly led to plaintiff's attack and injuries.

70.    Defendant City, through its correction officers, are charged with the care, custody and control of the inmates who are housed at DOC facilities.

71.    However, through DOC's long-standing custom and practice, evidenced by numerous cases of inmates being assaulted while staff either permitted, allowed or were derelict of their duties in preventing the assault, led directly to plaintiff's assault and injuries.

## PRAYER   FOR   RELIEF

**WHEREFORE,** Plaintiff requests that this Court:

a) Award compensatory damages against the defendants, jointly and severally;

b) Award punitive damages against the individual defendants, jointly and severally;

c) Award costs of this action to the plaintiff;

d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to

28 U.S.C. § 1988;

e) Such other and further relief as this Court deems just and proper;

**JURY DEMAND**

DATED:      December 30, 2016
            Brooklyn, New York

                                   *AR*
                    _____
                    Amy Rameau, Esq.
                    The Rameau Law Firm
                    16 Court Street, Suite 2504
                    Brooklyn, NY 11241
                    (718) 852-4759
                    rameaulawny@gmail.com

                    *Attorney for plaintiff*